IN THE UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENDALL C. NICHOLSON                                              PETITIONER

v.                              CASE NO. 5:16-cv-00137-SWW-JTK

WENDY KELLEY, *Director*
Arkansas Department of Correction, and
GAYLON LAY, *Warden,* Cummins Unit                               RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

<u>DISPOSITION</u>

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

<u>Background and Procedural History</u>

On August 4, 2011, an Ashley County, Arkansas jury found the Petitioner guilty of aggravated robbery and theft of property.   Petitioner was sentenced to 1080 months imprisonment in the Arkansas Department of Correction.  (DE #7 at Ex. A)  On April 16, 2012, Petitioner appealed his conviction to the Arkansas Court of Appeals and argued that the circuit court erred by: (1) failing to grant his motion for directed verdict; (2) failing to instruct the jury on simple robbery, a lesser-included offense of aggravated robbery; and (3) failing to grant mistrial when the prosecutor made improper remarks during closing argument.  (DE #7 at Ex. B)

Petitioner's conviction was affirmed by the Arkansas Court of Appeals on May 23, 2012.  (DE #7 at Ex. D)

On August 2, 2012, Petitioner filed a petition for post-conviction relief in Ashley County Circuit Court pursuant to Arkansas Rules of Civil Procedure 37.1.  Petitioner alleged several claims for trial error and ineffective assistance of counsel; however, the circuit court denied his claims for relief on September 12, 2012.  (DE #7 at Ex. F)  Lastly, on January 25, 2013, the Petitioner filed his motion for extension of time to file a belated brief to the Arkansas Supreme Court.  (DE #7 at Ex. G)  The Arkansas Supreme Court dismissed his appeal stating that it was clear from the record that Petitioner could not prevail if the appeal was permitted to move forward.  (DE # 7 at Ex. H)  Specifically, with regard to the claims of trial error, the Court held the claims did not state a basis for granting a Rule 37.1 petition due to the fact that allegations of trial error, which could have been raised on direct appeal, are not cognizable in Rule 37.1 proceedings.  *Nickelson[1] v. State,* 2013 Ark. 252 (per curiam).  Furthermore, the Court found Petitioner did not provide any factual substantiation for his conclusory claims that his counsel was ineffective and failed to show any specific error that prejudiced his defense; therefore, he did not meet the burden of providing facts which affirmatively supported his claims.  *Id.*

Petitioner filed his petition for writ of habeas corpus in this Court on May 3, 2016, alleging the following claims: (1) personal bias of one or more of the jurors at the original trial, which was not disclosed during voir dire and later became apparent that a juror knew the alleged victim; (2) that he was denied the right to dismiss his lawyers at his original trial; (3) that one juror admitted she would have trouble following the trial court's instructions, but his trial counsel failed to move to strike juror for cause or use a peremptory strike; (4) that his trial

---

[1] Petitioner's name is spelled differently in the state court proceedings, and therefore, the spelling used by the state courts will be used when referencing the state court proceedings.

counsel was ineffective for allowing the State to shift the burden of proof to Petitioner regarding his defenses to aggravated robbery; (5) that trial counsel repeatedly failed to make contemporaneous objections to "clearly" inadmissible evidence; (6) that trial counsel failed to conduct a proper investigation prior to trial and failed to maintain reasonable contact with Petitioner prior to trial; (7) that trial counsel failed to investigate and attack the credibility of the State's witnesses at trial and failed to object to police officer's testimony; and (8) that trial counsel's conduct "was so deficient that it literally rendered the appeal from the conviction impossible."  (DE #1)   On June 17, 2016, the Respondents filed their response to the petition.  (DE #7)  In it, they deny the Petitioner is entitled to any habeas corpus relief because the petition is time barred.  For the reasons set forth below, the Court agrees.

Discussion

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment.  28 U.S.C.A. 2244(d)(1).  The statute starts running from the date judgment became final.  *Id.*  The statute of limitations, however, is tolled while properly-filed applications for state post-conviction relief or other collateral review with respect to the judgment or claim is pending.  28 U.S.C. § 2244(d)(2).

In this case, the Arkansas Court of Appeals affirmed Petitioner's conviction and sentence on May 23, 2012, and since he did not seek review to the Arkansas Supreme Court, his judgment became final on June 11, 2012.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-4 (2012) (holding that a judgment become final on the date that the time for seeking review expires for a state prisoner who does not seek review to the State's highest court).  Pursuant to 28 U.S.C. 2244(d)(2), however, the Petitioner is entitled to statutory tolling during the time in which he

4

sought collateral review of his convictions in state court.  Petitioner filed his petition for post-conviction relief in circuit court on August 2, 2012, and the Arkansas Supreme Court denied his motion to file a belated brief and dismissed his appeal on June 6, 2013.  Therefore, Petitioner is entitled to statutory tolling from August 2, 2012 through June 6, 2013.  Due to the fact that fifty-three (53) days had already elapsed from the date the judgment became final and the filing of his petition for post-conviction relief, the Petitioner had until April 14, 2014, to file a timely federal petition for habeas relief.  Petitioner filed the instant petition on May 3, 2016; therefore, the Petitioner's federal habeas petition is time barred.

There is also no reason to believe that equitable tolling would be appropriate. The United States Supreme Court has held a petitioner is entitled to equitable tolling of 28 U.S.C.A. 2244(d) only if he can show "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstance test.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Petitioner does not cite any extraordinary circumstances which made it impossible for him to file a timely §2254 petition.  In his petition, the Petitioner argues he is entitled to tolling of the statute of limitations because the opinion of the Arkansas Supreme Court was not delivered to him until May 4, 2015; thus, he was unaware of the adverse ruling until such time.  (DE # 1 at 6-7)  He claims the delay was "caused entirely by events beyond his control and were, instead, caused by errors or problems with either the United States Postal Service or the Arkansas Department of Corrections [sic] policies, procedures and operations."  *Id.*  The Petitioner does not set forth any proof of his claim other than his statement that "the Arkansas Department of Corrections [sic] admits that the Arkansas

Supreme Court was not delivered until May 4, 2015." *Id.* The Respondents attached to their response an affidavit of Tina Gibson, the Cummins Unit Mailroom Supervisor, in which Ms. Gibson states when incoming legal mail is received it is not held or kept from the inmates, but instead, is delivered to a Captain (or above rank) that same day to be opened in the presence of the inmate to whom the mail is delivered.  (DE # 7 at Ex. J)  The Court finds that the Petitioner has not met his burden of satisfying the extraordinary circumstances test; therefore, equitable tolling of the one-year statute of limitations is not appropriate in this case.

<u>Conclusion</u>

Petitioner's claims are time barred, and therefore, his petition should be denied. Accordingly for the reasons set forth above, it is recommended that Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.  It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 10th day of August, 2016.

_____
United States Magistrate Judge